UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

CYNTHIA GAINES,                    )
        Plaintiff                  )
                                   )
v.                                 )   **05 - 11151 JLT**
                                   )
LIBERTY LIFE ASSURANCE             )
COMPANY OF BOSTON,                 )
        Defendant                  )

MAGISTRATE JUDGE _____

RECEIPT # _____
AMOUNT $_____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

**COMPLAINT**

**Introduction**

1.      This is an action for long term disability benefits under the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*

**Jurisdiction**

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331

and 29 U.S.C. § 1132(e)(1).

3.      Venue in this Court is proper pursuant to 28 U.S.C. § 1132(e)(2).

**Parties**

4.      Plaintiff Cynthia Gaines is an adult resident of Boston, Massachusetts.

5.      Defendant Liberty Life Assurance Company of Boston ("Liberty") is a

Massachusetts insurance company with a principal place of business in Boston,

Massachusetts.  Liberty insures and administers the Harvard Pilgrim Health Care Long

Term Disability Plan ("Plan"), an employee benefits plan governed by ERISA.  The Plan

is sponsored by Harvard Pilgrim Health Care.

## Factual Allegations

6.    Ms. Gaines formerly was employed as a benefits assistant by Harvard Vanguard Medical Associates ("Harvard Vanguard"). As an employee of Harvard Vanguard, she was a participant of the Plan.

7.    On or about March 9, 1999, Ms. Gaines made a claim for disability benefits.

8.    She was approved for short term disability benefits for the period March 28, 1999 through May 25, 1999, with a date of disability of February 25, 1999.

9.    Effective May 26, 1999, following the necessary waiting period, Liberty approved Ms. Gaines's claim for long term disability benefits under the Plan.

10.    During the first 24 months, Ms. Gaines was entitled to long term disability benefits under the Plan if she was unable to perform all of the material and substantial duties of her occupation. She received benefits for this entire period.

11.    Effective May 26, 2001, Ms. Gaines was entitled to continued long term disability benefits under the Plan if she was "unable to perform, with reasonable continuity, all of the material and substantial duties of [her] own or any other occupation for which [she is] or become[s] reasonably fitted by training, education, experience, age and physical and mental capacity." Ms. Gaines continued to receive benefits under this definition of disability.

12.    Ms. Gaines is disabled by multiple complicated and serious medical conditions, including chronic rheumatoid arthritis, sarcoidosis, fibromyalgia, carpal tunnel syndrome, depression, and asthma. The combination of these conditions, as well

2

as the medical treatment required for them, preclude her from performing any job with reasonable continuity.

13.    Liberty terminated Ms. Gaines's benefits effective July 29, 2003.

14.    Ms. Gaines submitted a request for a full and fair review, together with voluminous materials about her medical conditions.

15.    In a letter dated June 29, 2004, Liberty issued its final decision, notifying Ms. Gaines that it was upholding its termination of her benefits.  Liberty's determination was arbitrary, capricious, and an abuse of discretion because, among other things, it failed to address the full range of her medical conditions and relied on faulty reasoning.

16.    Ms. Gaines has satisfied all administrative prerequisites for filing suit in this Court.

## Cause of Action

## IMPROPER TERMINATION OF BENEFITS – 29 U.S.C. § 1132(a)(1)(B)

17.    Ms. Gaines hereby restates and incorporates the above paragraphs.

18.    Liberty's termination of Ms. Gaines's benefits violated the terms of the Plan.

WHEREFORE, Ms. Gaines respectfully requests this Court to:

A.    Reinstate her claim under the Plan;

B.    Award her back benefits, with interest;

C.    Award her attorneys' fees and costs; and

D.    Grant such other relief as is just and proper.

CYNTHIA GAINES
By her attorney,

Stephen S. Churchill (BBO# 564158)
Clinical Instructor
Hale & Dorr Legal Services Center of
Harvard Law School
122 Boylston Street
Jamaica Plain, MA  02130
(617) 390-2500

Dated: June 1, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) Cynthia Gaines v. Liberty Life Assurance Company of Boston

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

☐  I.      160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

☒  II.     195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.             for patent, trademark or copyright cases

☐  III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

☐  IV.     220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

☐  V.      150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    None

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                 YES ☐      NO ☒

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

                                                                 YES ☐      NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                 YES ☐      NO ☐

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                 YES ☐      NO ☒

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                                 YES ☒      NO ☐

    A.    If yes, in which division do all of the non-governmental parties reside?

          Eastern Division ☒          Central Division ☐          Western Division ☐

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

          Eastern Division ☐          Central Division ☐          Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                  N/A            YES ☐      NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Stephen S. Churchill

ADDRESS  Hale & Dorr Legal Services Center, 122 Boylston Street, Jamaica Plain, MA

TELEPHONE NO.  617-390-2578                                                          02130

(CategoryForm.wpd - 5/2/05)

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

Cynthia Gaines

**(b)**  County of Residence of First Listed Plaintiff    **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Stephen S. Churchill, Hale & Dorr Legal Svcs. Ctr
122 Boylston St., J.P., MA  02130 617-390-2578

## DEFENDANTS

Liberty Life Assurance Company of Boston

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | ☐ 890 Other Statutory Actions |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | ☐ 891 Agricultural Acts |
| | | | | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 893 Environmental Matters |
| | | | | ☐ 894 Energy Allocation Act |
| | | | | ☐ 895 Freedom of Information Act |
| | | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
ERISA, 29 U.S.C. secs. 1001 et seq.

Brief description of cause:
Claim for long term disability benefits

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

None   (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   6/1/05

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____