UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA GAINES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>　　　　Defendant | Civil Action No. 05-11151-JLT |

## ANSWER OF LIBERTY LIFE ASSURANCE COMPANY OF BOSTON TO PLAINTIFF'S COMPLAINT

Defendant, Liberty Life Assurance Company of Boston ("Liberty Life"), hereby answers the allegations contained in Plaintiff's Complaint as follows:

### Introduction

1.　Liberty Life makes no response to this paragraph as it merely purports to summarize Plaintiff's claims. To the extent that this paragraph requires a response, Liberty Life denies the allegations in paragraph 1.

### Jurisdiction

2.　This paragraph states legal conclusions to which no response is required. To the extent that a response is required, Liberty Life does not challenge the jurisdiction of this Court.

3.　This paragraph states legal conclusions to which no response is required. To the extent that a response is required, Liberty Life does not challenge venue in this Court.

## Parties

4. Liberty Life admits upon information and belief that Plaintiff is a resident of Boston, Massachusetts.

5. Liberty Life admits the allegations in the first sentence in paragraph 5. Liberty Life admits so much of the second and third sentences of this paragraph as allege that the Harvard Pilgrim Healthcare Long Term Disability Plan ("the Plan") is an employee benefits plan under ERISA and is sponsored by Harvard Pilgrim Healthcare, that under the Plan, participants are provided with disability benefits through a policy of insurance ("the policy"), that Liberty Life is the insurer for long-term disability benefits under the policy, and that Liberty Life administers claims under the policy. Liberty Life denies the remaining allegations in this paragraph.

## Factual Allegations

6. Liberty Life admits upon information and belief that Plaintiff was employed as a Benefits Assistant by Harvard Pilgrim Healthcare. Liberty Life denies knowledge or information sufficient to form a belief as to the remaining allegations in sentence one of this paragraph. Sentence two of this paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Liberty Life denies the allegations in this sentence.

7. Liberty Life admits so much of this paragraph as alleges that Plaintiff made a claim for disability benefits in or about March 1999. Liberty Life denies knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

8. Liberty Life admits the allegations in paragraph 8.

9. Liberty Life admits the allegations in paragraph 9.

10.     Liberty Life admits so much of this paragraph as alleges that Plaintiff received long-term disability benefits for the first 24 months during which she was eligible for such benefits. Further responding, Liberty Life refers the Court to the policy, which speaks for itself regarding the definitions of disability.

11.     Liberty Life admits so much of this paragraph as alleges that Plaintiff continued to receive long-term disability benefits after May 26, 2001. Further responding, Liberty Life refers the Court to the policy, which speaks for itself as it relates to the definition of disability.

12.     Liberty Life denies the allegations in paragraph 12.

13.     Liberty Life admits the allegations in paragraph 13.

14.     Liberty Life admits so much of this paragraph as alleges that Plaintiff appealed the denial of the continuation of her long-term disability benefits and submitted documentation in support of that appeal. Liberty Life denies the remaining allegations in this paragraph.

15.     Liberty Life admits the allegations in the first sentence of this paragraph. Liberty Life denies the allegations in the second sentence of this paragraph.

16.     Liberty Life denies the allegations in paragraph 16.

### Causes of Action

### IMPROPER TERMINATION OF BENEFITS 29 U.S.C. § 1132(a)(1)(B)

17.     Liberty Life hereby repeats and incorporates by reference its responses to paragraphs 1 through 16 above.

18.     Liberty Life denies the allegations in paragraph 18.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff has sustained any injury or damages, it is the result of the conduct by a party other than Liberty Life and over whom Liberty Life had no authority or control and for whom Liberty Life is not liable.

## THIRD AFFIRMATIVE DEFENSE

Based on the circumstances and administrative record in this case, Liberty Life requests that the Court order Plaintiff to pay its attorneys' fees and costs under 29 U.S.C. § 1132(g).

## FOURTH AFFIRMATIVE DEFENSE

The denial of benefits at issue was reasonable, was not arbitrary and capricious, and should be upheld by this Court based upon the administrative record before the decision maker under the policy.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees and costs on the claims she has alleged.

## SIXTH AFFIRMATIVE DEFENSE

Liberty Life has acted, at all times, in good faith, reasonably and justifiably.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Liberty Life reserves its right to add such additional affirmative defenses as become evident as the case progresses.

WHEREFORE, Liberty Life prays that:

1. The Complaint be dismissed in its entirety;

2. Judgment be awarded in favor of Liberty Life;

3. The Court award Liberty Life its attorneys' fees and costs; and

4. The Court award such other and further relief as may deem just and proper.

    Respectfully submitted,

    LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
    By their attorneys,

    /s/ Richard W. Paterniti
    Andrew C. Pickett, BBO# 549872
    Richard W. Paterniti, BBO#645170
    Jackson Lewis LLP
    75 Park Plaza
    Boston, MA 02116

June 30, 2005    (617) 367-0025